**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DENNIS HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:2:14-CV-00133 RLM-JEM |
| | ) | |
| LAKE COUNTY, INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(3) and Local Rule 72-1**

This matter is before the Court on an Order to Show Cause [DE 24], issued by the Court on

August 28, 2014.

On July 1, 2014, Plaintiff's attorney of record moved to withdraw his representation due to

a conflict of interest. On July 2, 2014, the Court granted the motion and set the matter for a hearing

on July 17, 2014, to inquire into the status of Plaintiff's representation. That Order informed

Plaintiff that he was required to appear in person at the hearing. The Order was sent to Plaintiff by

regular mail at the address provided by his attorney. Plaintiff did not appear at the July 17, 2014,

hearing.

The Court issued a Show Cause Order, ordering Plaintiff to appear on August 28, 2014, to

show cause why he failed to appear at the July 17, 2014, status hearing. The Order also warned

Plaintiff that a failure to appear at the Show Cause Hearing could result in sanctions, including

dismissal of the case. The Show Cause Order was sent to Plaintiff by certified mail. The Court

received a receipt showing that the mail was delivered on July 22, 2014, but was signed for by

someone other than Plaintiff. Plaintiff failed to appear at the August 28, 2014, hearing without explanation.

On August 27, 2014, the Order notifying Plaintiff of the attorney representation status hearing was returned to the Clerk of the Court as undeliverable.

Because the Show Cause Order was signed for someone other than Plaintiff, the Court was concerned that Plaintiff may not have actually received notice of the Show Cause Hearing. Accordingly, the Court reset the show cause hearing for October 30, 2014, and issued a Second Show Cause Order, ordering Plaintiff to appear on that date. Plaintiff was again warned that a failure to appear at the Show Cause Hearing could result in sanctions, including dismissal of the case. The Order was sent to Plaintiff by certified mail. The Court received a receipt showing that Plaintiff signed for the letter on September 10, 2014. Plaintiff failed to appear at the October 30, 2014, hearing without explanation.

Under Rule 41(b), a court may dismiss a claim "[i]f the plaintiff fails to prosecute or comply with . . . a court order . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)) (quotation marks and other citations omitted). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Gabriel*, 514 F.3d at 736; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.").

Given the conduct of Plaintiff, this case presents one of those "extreme situations." *Gabriel*, 514 F.3d at 736. Plaintiff failed to appear at two show cause hearings. The Court also finds that proper warning has been given to Plaintiff. *See Gabriel*, 514 F.3d at 736; *Sharif*, 376 F.3d at 725. "'Due warning' need not be repeated warnings and need not be formalized in a rule to show cause . . . . but there should be an explicit warning in every case." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). In this case, Plaintiff received "due warning" in two formal Show Cause Orders sent via certified mail, and the Court finds that dismissal is warranted by Plaintiff's failure to comply with the Show Cause Orders.

Accordingly, the Court finds that no cause has been shown and **RECOMMENDS** that the District Court **DISMISS the case without prejudice**.

At the hearing, Defendants Lake County Commissioners and Lake County, Indiana, indicated that if Plaintiff's claims were dismissed, they would also voluntarily dismiss their counterclaims pursuant to Federal Rule of Civil Procedure 41(c). Because Plaintiff has not filed a responsive pleading to those counterclaims, the Court also **RECOMMENDS** that the District Court **DISMISS** the counterclaims of Defendants Lake County Commissioners and Lake County, Indiana.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994);

*Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 31st day of October, 2014.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     Judge Robert L. Miller
All counsel of record
Plaintiff, *pro se,* by certified mail, return receipt requested